UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 13 CR 50070 |
| | ) | Judge Frederick J. Kapala |
| JARVIS WASHINGTON | ) | |

**UNITED STATES' MOTION *IN LIMINE* TO BAR
COUNSEL FROM IMPROPERLY ASKING A WITNESS
TO COMMENT UPON A DIFFERENT WITNESS' TESTIMONY**

The UNITED STATES OF AMERICA, by ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, moves *in limine* that this Court bar counsel from improperly asking a witness to comment upon the credibility of testimony given by a different witness. A common example[1] of this improper questioning is as follows:

| | |
|---|---|
| Defense Counsel: | What color was the car you observed? |
| Witness: | Red. |
| Defense Counsel: | If Officer Wilkins had testified that the car was blue, would he have been lying? |

For the reasons set forth below, these types of questions are improper and this Court should bar the parties from asking such questions.

---

[1] A similar line of questioning by government counsel would likewise be improper. *United States v. Carter*, 530 F.3d 565, 576 (7th Cir. 2008) (citing *United States v. Thomas*, 453 F.3d 838, 844-45 (7th Cir. 2006)).

1

## Attacking the Credibility of a Witness

There are five acceptable ways of attacking the credibility of a witness's testimony: (1) attacking the witness's general character for untruthfulness; (2) showing that, prior to trial, the witness has made statements inconsistent with his testimony; (3) showing that the witness is biased; (4) showing that the witness has an impaired capacity to perceive, recall, or relate the event about which he is testifying; and (5) contradicting the substance of the witness's testimony. *United States v. Lindemann*, 85 F.3d 1232, 1243 (7th Cir. 1996) (citing Wright & Gold, *Federal Practice and Procedure* § 6094 (1990)). Asking one witness to comment upon the veracity or accuracy of another witness's testimony fits under none of these categories.

Attacking the witness's general character for untruthfulness (no. 1) is restricted by Rule 608(a), F.R.E.; the "were they lying" line of questioning does not relate to any prior inconsistent statements of the witness (no. 2); nor does the line of questioning raise issues relating to bias (no. 3) or capacity (no. 4). While the second witness's testimony may contradict the previous witness's testimony (no. 5), the question "were they lying" adds nothing. Should there be a contradiction, counsel may properly bring those differences before the jury during closing arguments.

## Asking About the *Veracity* of Another Witness's Testimony

In addition to being outside the lines of permissible impeachment, "were they lying" questions are inadmissible for other reasons. The determination of the credibility of witnesses lays squarely with the fact-finder. Because of that, "it is

improper to ask one witness to comment on the veracity of the testimony on another witness."[2] *United States v. Freitag*, 230 F.3d 1019, 1024 (7th Cir. 2000). The Seventh Circuit has repeatedly affirmed this restriction. *See, e.g., United States v. Nunez*, 532 F.3d 645, 652 (7th Cir. 2008); *United States v. Thomas*, 453 F.3d 838, 846 (7th Cir. 2006), and *United States v. McKee*, 389 F.3d, 697, 699 (7th Cir. 2004).[3] The prohibited line of questioning includes asking whether another witness had been lying as well as asking whether another witness had been telling the truth. *Freitag* at 1024.

Pursuant to Rule 608(a), F.R.E., counsel may attack a witness's character for truthfulness only by opinion or reputation testimony. Once the witness's character for truthfulness has been attacked in this manner, opinion or reputation evidence supporting the witness's character for truthfulness may then be elicited. Rule 608(a). Asking one witness to comment upon the veracity or accuracy of another witness's testimony is simply not permitted by Rule 608(a).[4] *Schmitz*, 634 F.3d at 1268.

---

[2] In contrast, counsel may ask a witness questions regarding the truthfulness of the witness's own testimony. *Freitag*, 230 F.3d at 1024.

[3] Other Circuits have agreed. *See United States v. Schmitz*, 634 F.3d 1247 (11th Cir. 2011) (collecting cases from the First, Second, Third, Fifth, Seventh, Ninth, and D.C. Circuits, and contrary dicta in a Tenth Circuit case).

[4] Had the government called a witness and asked whether his testimony was consistent with that of a previous witness, this line of questioning would clearly have been barred under Rule 608(a) as improper "bolstering." *United States v. McKinney*, 954 F.2d 471, 478 (7th Cir. 1992). It is only after the witness's

In addition, in order to give opinion or reputation evidence pursuant to Rule 608(a), the witness must have a sufficient personal basis for rendering that opinion. *United States v. Garza*, 448 F.3d 294, 297 (5th Cir. 2006) (testimony of a witness who "lacks sufficient information to have formed a reliable opinion" can be excluded under Rules 403 and 602); *United States v. Watson*, 669 F.2d 1374, 1381-1382 (8th Cir. 1982) (proper foundation required before admission of reputation testimony; opinion testimony requires personal knowledge); and *United States v. Whitmore*, 359 F.3d 609, 616-618 (D.C. Cir. 2004) (discussing difference in foundational requirements for reputation and opinion testimony). Asking one witness to comment upon the credibility or veracity of another witness fails to supply the predicate for opinion or reputation testimony.

### Asking About the *Accuracy* of Another Witness's Testimony

Changing the question from "were they lying" to "were they inaccurate" is simply a back-handed way of trying to asking an improper question and adds nothing to the evidentiary mix.[5] Like "were they lying" questions, "were they inaccurate" questions lack probative value: they still ask a witness to provide an answer that is beyond the witness's personal knowledge. *Schmitz*, 634 F.3d at 1268.

---

credibility has been attacked that the non-attacking party may seek to admit evidence to rehabilitate the witness. *Id.*

[5] In *Freitag*, the government raised this limited distinction. 230 F.3d at 1024. The Seventh Circuit noted that the government's cross-examination was "far from model," and did not reach a conclusion on whether a question relating to the accuracy of another witness's testimony was permissible. The Seventh Circuit in *Nunez*, *Thomas*, *McKee*, and *Carter* did not decide this issue.

As noted above, a witness must have a sufficient personal basis in order to offer an opinion under Rule 608(a). *See Garza*, *supra*.

Second, such questions do not seek to elicit relevant evidence. The threshold determination for the admissibility of any evidence is that it must be relevant. F.R.E. 402 ("All relevant evidence is admissible, except as otherwise provided. * * * Evidence which is not relevant is not admissible.") Relevant evidence, in turn, is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." F.R.E. 401. The problem with "were they lying" or "were they inaccurate" questions is that the witness's opinion on whether another witness was lying or mistaken does not make it any more or less likely that the witness lied or was inaccurate. These types of questions "distract the jury from the central task of determining what version of events is accurate in order to determine a defendant's guilt or innocence." *Schmitz*, 634 F.3d at 1269. As such, the Court may bar them under either Rule 403 or Rule 602, F.R.E.[6]

---

[6] Even more problematic is a line of questioning that arose in a recent case before this Court during which counsel asked if anyone else would say something different than the witness's testimony, would that other person be lying/mistaken. Counsel repeatedly asked this improper question throughout cross-examination of different government witnesses. No such testimony was produced and the jury was left with the impression that other evidence existed that would contradict the government's witnesses.

Finally, the line of questioning is argumentative with the attorney trying to force a witness into making a conclusion for which the witness has no basis. "The very structure of the question is designed to pit the testifying witness against every other adverse witness, suggesting to the jury that someone is deliberately deceiving the court and the jury must choose the culprit." *Schmitz*, 634 at 1269. As such, these types of questions can be confusing to the jury. By disallowing these types of improper questions ("were they lying" and "were they accurate"), the Court also avoids the inevitable objections and arguments between counsel that the question improperly states the testimony of the previous witness. Unlike a prior inconsistent written statement which can be used efficiently to impeach a witness, counsel's personal recollection of the testimony of witnesses given days ago is subject to inadvertent misstatement.

## Conclusion

Regardless of whether the question is "were they lying" or "were they accurate," the question is not allowed by Rule 608(a); it has no probative value; it is irrelevant; and it is argumentative and can confuse the jury. For these reasons, the government asks that the Court bar counsel from improperly asking a witness to comment upon the credibility of testimony given by a different witness, unless the question complies with Rule 608.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: */s/ Talia Bucci*
TALIA BUCCI
Assistant United States Attorney

JOHN G. McKENZIE
Assistant United States Attorney
327 South Church Street, Suite 3300
Rockford, Illinois 61101
(815) 987-4444

7

## <u>CERTIFICATE OF SERVICE</u>

The undersigned Assistant United States Attorney hereby certifies that on March 11, 2015, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**UNITED STATES' MOTION *IN LIMINE* TO BAR**
**COUNSEL FROM IMPROPERLY ASKING A WITNESS**
**TO COMMENT UPON A DIFFERENT WITNESS' TESTIMONY**

was served pursuant to the district court's ECF system as to ECF filers.

          */s/ Talia Bucci*
          TALIA BUCCI
          Assistant United States Attorney
          327 South Church Street, Suite 3300
          Rockford, Illinois 61101
          (815) 987-4444