IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| United States, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 13 CR 50070 |
| | ) | |
| Jarvis Washington, | ) | |
| | ) | |
|     *Defendant*. | ) | Judge Frederick J. Kapala |

## ORDER

Enter omnibus pre-trial order. The government's first, second, third, fourth, sixth and seventh motions in limine [46][47][48][49][51][52] are granted. The government's fifth motion in limine regarding defendant's prior conviction under Federal Rule of Evidence 609 [50] is denied.

## STATEMENT

Defendant, Jarvis Washington, is charged with possessing with intent to distribute 108.5 grams of heroin and 270.5 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count I); possessing with intent to distribute 390 grams of marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count II); possessing ammunition having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g) (Count III); possessing a firearm having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g) (Count IV); and possessing a firearm in furtherance of the drug trafficking crime alleged in Count II (Count V). Defendant is proceeding to jury trial which is scheduled to commence on March 30, 2013. Before the court are seven motions in limine filed by the government.

Judges have broad discretion when ruling on motions in limine. Jenkins v. Chrysler Motors Corp., 316 F.3d 663, 664 (7th Cir. 2002). Evidence should be excluded under an order in limine only where it is clearly inadmissible for all purposes, otherwise evidentiary rulings should be deferred until trial. Alexian Bros. Health Providers Ass'n, Inc. v. Humana Health Plan Inc., 608 F. Supp. 2d 1018, 1021 (N.D. Ill. 2009). Therefore, the party moving to exclude evidence in limine has the burden of establishing that the evidence is not admissible for any purpose. Euroholdings Capital & Inv. Corp. v. Harris Trust & Savings Bank, 602 F. Supp. 2d 928, 934 (N.D. Ill. 2009). Denial of a motion in limine seeking the exclusion of evidence does not mean the evidence will necessarily be admitted at trial but, rather, denial indicates that the court could not determine the issue in advance of trial. Id. A ruling in limine is not final and is subject to change as the case unfolds. Id. at 935.

### A. Motion in Limine Regarding Argument about Missing Witnesses [46]

The government seeks an order precluding defendant from introducing evidence about or arguing that any relevant inference can be drawn from the fact that additional witnesses, who are available to either party did not testify. Defendant objects. "[W]hen the witness is equally available

to both sides, the preferred practice is to preclude the [missing witness] argument rather than to leave the jury free to speculate about a lot of non-evidence." United States v. Simpson, 974 F.2d 845, 848 (7th Cir. 1992). In accordance with this authority, the government's motion is granted. If defendant concludes that he has a basis to make out an exception to the rule pronounced in Simpson he may raise the contention but must do so outside the presence of the jury and well in advance of referencing any uncalled witnesses.

### B. Motion in Limine Regarding Improperly Using a Summary Police Report In an Attempt to Impeach a Witness at Trial [47]

The government seeks an order precluding defendant from impeaching a witness by suggesting that a police report summary is the statement of a witness referenced in the report, attempting to publish the contents of such a report to the jury, or otherwise suggesting to the jury that the police report is a statement of a witness who neither wrote nor adopted the report. Defendant agrees, but contends that he should be permitted to point out to a testifying officer that his report does not include a matter that his testimony did include. The government agrees with defendant's contention. Thus, the government's motion is granted.

### C. Motion in Limine Regarding Penalties the Defendant Faces If Convicted [48]

The government seeks an order precluding defendant from introducing evidence, making argument, or otherwise mentioning the potential penalties faced by defendant if convicted. When, as in this case, the jury has no role in sentencing, it is improper to argue punishment to a jury. See United States v. Lewis, 110 F.3d 417, 422 (7th Cir. 1997) ("[T]he practice of informing juries about the sentencing consequences of their verdicts is strongly disfavored."); Shannon v. United States, 512 U.S. 573, 579 (1994) (stating that a jury must "reach its verdict without regard to what sentence might be imposed" and that "[i]nformation about the consequences of a verdict are irrelevant to a jury's task"). Defendant does not object. Thus, the government's motion is granted and, in accordance with the foregoing authority, defendant will not be permitted to argue or mention the potential penalties he faces if convicted.

### D. Motion in Limine Regarding Discovery Requests in the Presence of the Jury [49]

The government seeks an order precluding counsel from requesting discovery from witnesses or opposing counsel, moving the court for such discovery, or otherwise commenting on discovery matters, in the presence of the jury. Defendant does not object. This motion is well-taken and it is so ordered. Any issue regarding discovery that arises during trial can be addressed outside the presence of the jury.

### E. Motion in Limine Regarding Defendant's Prior Conviction under Federal Rule of Evidence 609 [50]

The government seeks an order allowing it to admit evidence of defendant's September 4, 2007 conviction for attempted aggravated discharge of a firearm in the Circuit Court of Winnebago County, Illinois (Case No. 07 CF 1017) to impeach him if he testifies at trial. The defendant was sentenced to 6 years' imprisonment and was released in 2010. Defendant objects to the admissibility of this conviction for impeachment.

Federal Rule of Evidence 609(a)(1)(B) provides that, for the purpose of attacking a testifying defendant's character for truthfulness by evidence of a criminal conviction, evidence that the defendant has been convicted of any crime punishable in the convicting jurisdiction by death or

imprisonment for more than one year must be admitted if the court determines that the probative value of that evidence outweighs its prejudicial effect to the defendant. Fed. R. Evid. 609(a)(1)(B). The Seventh Circuit has established five factors to guide district courts in determining whether the probative value of evidence concerning a prior conviction outweighs its prejudicial effect: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. United States v. Gant, 396 F.3d 906, 909 (7th Cir. 2005).

While defendant's prior conviction for attempted aggravated discharge of a firearm does not have the impeachment value of a crime involving dishonesty, see United States v. Causey, 9 F.3d 1341, 1344 (7th Cir. 1993), prior felonies of all types have some probative value on the issue of credibility, see United States v. Nururdin, 8 F.3d 1187, 1192 (7th Cir. 1993) ("[A] prior felony need not have involved 'inherent dishonesty' to be probative and admissible under Fed. R. Evid. 609(a)(1)."). "The idea underlying Rule 609, whether right or wrong, is that criminals are more likely to testify untruthfully." Gora v. Costa, 971 F.2d 1325, 1330 (7th Cir. 1992). Therefore, the first factor weighs only very slightly in favor of admitting defendant's prior attempted aggravated discharge of a firearm conviction for impeachment.

As for the second factor, defendant's conviction is not particularly recent but considering that defendant was released from prison in 2010 and is alleged to have committed the instant offense in 2013, the court concludes that the second factor also weighs slightly in favor of admissibility.

There is similarity between the firearms offenses defendant faces in Counts III-V of the instant indictment and his prior conviction for attempted aggravated discharge of a firearm. The Seventh Circuit has noted that the danger of unfair prejudice increases when the prior conviction and charged crime are similar in nature because it increases the risk that the conviction will be viewed as evidence of a propensity to commit crime. United States v. Shapiro, 565 F.2d 479, 481 (7th Cir. 1977). Therefore, the third factor weighs heavily against admissibility.

The fourth and fifth factors require the court to weigh the risk that defendant will be deterred from taking the stand due to the fear that the jury will learn of his past conviction against the need for defendant's testimony. The government represents that defendant's knowledge and intent are key issues in this case and that if defendant testifies he may disavow knowledge of and intent to distribute the drugs found in an apartment and a car. The government also anticipates that defendant will deny knowledge of the ammunition found in an apartment and the loaded .45 caliber handgun found in a car. Defendant's testimony on these issues and his credibility as a witness will be central to his defense and while the jury needs to be able to evaluate his testimony, defendant should not be unnecessarily deterred from taking the stand. While any hesitation to testify on defendant's part will ordinarily be diminished by the court's assurance that it will provide a limiting instruction to the jury that it should consider the evidence only in assessing defendant's credibility, See Pattern Criminal Federal Jury Instructions of the Seventh Circuit § 3.05, the risk that the jury will conclude that defendant has a propensity to carry and use firearms is just too great for an instruction to suffice. See Shapiro, 565 F.2d at 481 ("The jury is more likely to misuse the evidence for purposes other than impeachment, that is to regard the prior convictions as evidence of a propensity to commit crime or of guilt, despite instructions to the contrary."). Therefore, factors four and five weigh in favor of excluding defendant's prior conviction.

3

Thus, in light of the factors, the most significant factor being the propensity risk, the court cannot conclude that the probative value of defendant's prior attempted aggravated discharge of a firearm conviction for impeachment outweighs its prejudicial effect. The conviction is therefore inadmissible for impeachment purposes and the government's motion is denied.

### F. Motion in Limine to Bar Counsel from Improperly Asking a Witness To Comment upon a Different Witness' Testimony [51]

The government seeks an order precluding defendant from improperly asking a witness to comment upon the credibility of testimony given by a different witness. Defendant has not objected. The motion is well-taken. See United States v. Nunez, 532 F.3d 645, 652 (7th Cir. 2008) ("[A]ssessing the credibility of a witness's testimony is the job of the jury, and asking a defendant to comment on the veracity of the testimony of another witness is improper."). Defendant does not object. Therefore, the government's motion is granted.

### G. Motion in Limine Regarding Incidents Involving Potential Law Enforcement Witnesses [52]

The government represents that in 1986, witness A, a law enforcement officer who is expected to testify in this case, was arrested by a Sangamon County, Illinois police officer for being a minor in possession of alcohol. Witness A paid a $250 fine, received six months' court supervision, and his conviction was ultimately expunged. The government also represents that in June 2010, witness B, a law enforcement officer who may testify, was placed on administrative duty pending completion of an investigation into the shooting of a suspect. The suspect was shot in the arm. No criminal charges were filed against witness B, and he was cleared of any wrongdoing and returned to active duty.

The government seeks an order precluding defendant from cross-examining government witnesses about these incidents contending that they are not admissible under Rule 608 because they are not probative of the officers' character for truthfulness and do not constitute prior convictions that could be used to impeach under Rule 609. Defendant does not object.

Obviously, these incidents do not qualify as prior convictions that can be used for impeachment under Rule 609. See Jordan v. City of Chi., No. 08 C 6902, 2011 WL 6119147, at *1 (N.D. Ill. Dec. 08, 2011) ("Arrests, standing alone, are generally inadmissible for impeachment purposes."). The court agrees with the government that the incidents are also not admissible under Rule 608 because neither incident is probative of their character for truthfulness or untruthfulness. See Fed. R. Evid 608(b). Therefore, the government's motion in limine is granted and defendant is prohibited from cross-examining the government witnesses about these incidents.

Date: 3/26/2015                                ENTER:

_____
FREDERICK J. KAPALA
District Judge